IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

COREY TURNER                                                      PLAINTIFF

v.                              Case No. 6:18-cv-6068

NURSE CASSIE GONZALEZ                                             DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed on July 1, 2021, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

ECF No. 94. Defendant filed objections. ECF No. 95. The Court finds the matter ripe for

consideration.

## I. BACKGROUND

On August 6, 2018, Plaintiff filed his Complaint (ECF No. 1) and proceeded *in forma*

*pauperis* ("IFP"). ECF No. 3. Plaintiff alleges that Defendant denied him blood pressure

medication from May 18, 2018 to July 17, 2018, and this caused him to suffer a stroke on July 17,

2018. ECF No. 1. Plaintiff argues that this denial of medication violates his constitutional rights.

On April 29, 2019, Plaintiff filed a Motion for Summary Judgment (ECF No. 42) and on

August 16, 2019, Defendant filed a Motion for Summary Judgment. ECF No. 62. Judge Bryant

filed a Report and Recommendation recommending that the Court deny Plaintiff's Motion for

Summary Judgment and grant Defendant's Motion for Summary Judgment. ECF No. 71. On

February 19, 2020, this Report and Recommendation was adopted in its entirety by the Court, and

Plaintiff's claims were dismissed with prejudice. ECF No. 72.

On March 3, 2020, Plaintiff filed his Notice of Appeal to the Eighth Circuit Court of Appeals. ECF No. 73. On October 5, 2020, the Eighth Circuit Court affirmed this Court's opinion in part and reversed in part. ECF No. 80. The case was remanded to review the merits of Plaintiff's claim that Defendant denied him blood pressure medication. The Court was affirmed on all other claims. On January 27, 2021, Defendant filed a Supplemental Motion for Summary Judgment. ECF No. 85. On March 16, 2021, Plaintiff filed a response. ECF No. 91. On July 1, 2021, Judge Bryant filed a Report and Recommendation that recommends the Court deny Defendant's Motion for Summary Judgment. ECF No. 94. Defendant has filed objections to the Report and Recommendation. ECF No. 95. The Court will now address Defendant's objections.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).

Defendant objects specifically to the Report and Recommendation denying her Supplemental Motion for Summary Judgment to the extent that Judge Bryant found that Plaintiff's

state medical malpractice claim should not be dismissed. The Court interprets Defendant's objections to only pertain to that state medical malpractice claim.

The Eighth Circuit Court affirmed the District Court's dismissal of all of Plaintiff's claims, except Plaintiff's blood-pressure-medication claim brought under 42 U.S.C. § 1983. ECF No. 80. The Eighth Circuit reversed and remanded Plaintiff's blood-pressure-medication claim. The Court interprets the Report and Recommendation to be discussing only the remanded § 1983 claim and not the state-law negligence claim, which has been dismissed. ECF No. 80.

The Report and Recommendation analyzes Plaintiff's claim for failure to provide proper medication under the Eighth Amendment.[1] Since Defendant does not object to the recommendation regarding Plaintiff's constitutional claim, the Court does not need to engage in a *de novo* review of Judge Bryant's recommendation to deny summary judgment as to that claim.

### III. CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 94) should be and hereby is **ADOPTED**. The Report and Recommendation is adopted to the extent that it recommends Defendant's Motion for Summary Judgment be denied because material facts are in dispute. After thorough consideration, the Court overrules Defendant's objections (ECF No. 95) and Defendant's Motion for Summary Judgment (ECF No. 85) is hereby **DENIED**.

**IT IS SO ORDERED**, this 29th day of July, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Based on the record, Plaintiff was a pretrial detainee during the time period at issue and entered a plea in October 2018. ECF No. 64-9, p. 23. Thus, because Plaintiff was a pretrial detainee, the analysis is more appropriately analyzed under the Fourteenth Amendment. Analysis of this Fourteenth Amendment claim borrows from the Eighth Amendment deliberate indifference standard applicable to claims of prison inmates. *Bailey v. Feltmann*, 810 F.3d 589, 593-94 (8th Cir. 2016);*See also Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012). Thus, whether analyzed under the Eighth Amendment or the Fourteenth Amendment, the result is the same.